ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 NOV -4 P 3: 19
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RANDALL BINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-019 |
| | ) | |
| JOSE MORALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. The case is currently before the Court on two sets of objections by Plaintiff, one relating to the Magistrate Judge's Report and Recommendation ("R&R") issued September 16, 2011, and one relating to an Order issued by the Magistrate Judge on the same day.[1] (Doc. no. 23.) The Court will address each set of objections in turn.

**I. DISCUSSION**

**A. Plaintiff's Objections to the September 16, 2011 R&R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's R&R. The Magistrate Judge found that Plaintiff had brought at least three cases or

---

[1] While Plaintiff's objections relate to two separate decisions by the Magistrate Judge, they were filed as part of the same document. (Doc. no. 23.)

appeals that were dismissed for being frivolous or for failing to state a claim upon which relief may be granted such that he is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). (Doc. no. 21, p. 6.) The Magistrate Judge further concluded that the majority of Plaintiff's claims did not fall within the "imminent danger" exception to the three-strikes provision.[2] (Id. at 6-10.) Accordingly, he recommended that such claims be dismissed without prejudice and that Plaintiff only be permitted to bring such claims by submitting a new complaint, along with the full $350.00 filing fee.

In his objections, Plaintiff asserts that "all claims should be allowed to proceed forward because all filing fees have been paid in full before any response by Defendants." (Doc. no. 23, p. 6.) Plaintiff also argues that one of his prior cases, Bingham v. Donald, Civil Action No. 5:08-cv-246, doc. no. 114 (M.D. Ga. March 18, 2010), should not count as a strike because it was dismissed for failure to exhaust administrative remedies. (Id. at 7.) Additionally, Plaintiff contends that his claims should not be dismissed under the three-strikes provision because they are meritorious and because they qualify for the imminent

---

[2]The claims identified by the Magistrate Judge as subject to dismissal included Plaintiff's due process grievance procedure claims, his discrimination-based claims under the ADA and the equal protection clause, his Eighth Amendment medical claim against Defendant Henderson, his claim against Defendant Gillis regarding the alleged threat of transfer, and his Eighth Amendment claim based on the prisoner count procedure at JSP. (Doc. no. 21, pp. 6-10.) In a simultaneously issued Order, the Magistrate Judge determined that Plaintiff satisfied the imminent danger exception with respect to his Eighth Amendment claim for deliberate indifference to safety against Defendants Morales and Jones based on the allegation of being forced to share razors with other inmates under unsanitary conditions, as well as his Eighth Amendment claim for deliberate indifference to health against Defendants Morales, Jones, and Toby based on his allegation of being exposed to a heightened risk of contracting staph infections as a result of prison laundry procedures. Accordingly, the Magistrate Judge ordered that service of process issue as to those claims. (Doc. no. 20.)

2

danger exception. (See id. at 8-12, 18-19.)

Upon consideration, the Court finds that Plaintiff's objections to the September 16th R&R lack merit. The record reflects that Plaintiff has submitted two filing fee payments for a combined total of $119.55; thus, his assertion that he paid the entire $350.00 filing fee for this action is incorrect. Moreover, the record reflects that Plaintiff is still proceeding *in forma pauperis* in this case such that he is subject to the three-strikes provision of § 1915(g). Also, contrary to Plaintiff's contention, the dismissal of his prior case for failure to exhaust administrative remedies qualifies as a strike for purposes of § 1915(g). See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Furthermore, Plaintiff's objections fail to show any error in the Magistrate Judge's determination as to which claims fall within the imminent danger exception, and Plaintiff's arguments about the merit of the claims that do not qualify for the imminent danger exception are irrelevant; even assuming that such claims are meritorious, Plaintiff is nevertheless barred from bringing them without prepaying the entire filing fee under § 1915(g).

In sum, Plaintiff's objections provide no basis for departing from the conclusions set forth in the R&R. Accordingly, the Court **OVERRULES** Plaintiff's objections to the R&R.

### B. Plaintiff's Objections to the September 16, 2011 Order

Plaintiff's remaining objections allege error in the September 16th Order in which the Magistrate Judge, *inter alia*, denied Plaintiff's motion to amend his second amended complaint. (See doc. no. 20, pp. 2-3.) In particular, Plaintiff argues that he should have been permitted to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1)

3

because his two prior amendments were ordered by the Court to address pleading deficiencies rather than voluntarily undertaken. (Doc. no. 23, pp. 3-4.) Because these objections relate to nondispositive matters, the Court will only modify or set aside portions of the Order that are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); Loc. R. 72.2; Staley v. Owens, 367 F. App'x 102, 104 n.1 (11th Cir. 2010) (*per curiam*); Knox v. Hayes, 933 F. Supp. 1573, 1575-76 & n.2 (S.D. Ga. 1995) (Edenfield, J.).

Plaintiff's objections to the Magistrate Judge's denial of his motion to amend also lack merit. The fact that he had twice amended his complaint prior to his motion to amend precluded him from amending the complaint again as a matter of right, irrespective of the fact that his prior amendments were directed by the Court to address pleading deficiencies. Rule 15(a)(1) provides that a party may amend a pleading only "once as a matter of course," without any distinction between self-initiated amendments and amendments directed by a court to remedy pleading deficiencies. See also United States v. Union Corp., 194 F.R.D. 223, 229 (E.D. Pa. 2000) ("The right [to amend a pleading as a matter of course] obviously terminates once a party has amended its pleading one time, because the plain language of Rule 15(a) permits a party to amend as a matter of course only 'once.'"); Deutsch v. Health Ins. Plan, 573 F. Supp. 1443, 1445 (S.D.N.Y. 1983) ("[T]he automatic amendment provisions of 15(a) do not apply to amendments of amended pleadings."). Thus, in light of Plaintiff's prior amendments, the Magistrate Judge properly determined that he was not entitled to amend his complaint again as a matter of right.

Furthermore, the Eleventh Circuit has held that a litigant who chooses to file a motion to amend rather than filing an amended complaint as a matter of course "waive[s] the right

4

to amend as a matter of course and . . . invite[s] the [court] to review [his] proposed amendments." Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010). Therefore, because Plaintiff filed a motion to amend rather than simply filing an amended complaint, the Magistrate Judge had discretion to review the motion for futility under Rule 15(a). See id. (affirming denial of motion to amend where movant had not previously amended as a matter course because filing of motion provided the district court with discretion to review the proposed amendment for futility under Rule 15(a)).

Because Plaintiff's objections fail to show any error in the Magistrate Judge's analysis of his motion to amend – much less any portion of such analysis is clearly erroneous or contrary to law – Plaintiff's objections to the September 16th Order are **OVERRULED**.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's objections to the September 16th Order and R&R are **OVERRULED**. Accordingly, the Magistrate Judge's R&R is **ADOPTED** as the opinion of the Court. Therefore, the following claims from Plaintiff's second amended complaint are **DISMISSED** without prejudice: his due process grievance procedure claims; his discrimination-based claims under the ADA and the equal protection clause; his Eighth Amendment medical claim against Defendant Henderson; his claim against Defendant Gillis regarding the alleged threat of transfer; and his Eighth Amendment claim based on the prisoner count procedure at JSP. If Plaintiff wishes to bring these claims, he must do so in a new complaint, with regard to which he must submit the entire filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*). In addition, the following Defendants are **DISMISSED** from this case: Defendants McClain, Anderson, Bennett,

Walker, Spaulding, Henderson, Morris, Powell, Lewis, Owens, Gillis, Adams, the Georgia Department of Corrections, and the Johnson State Prison Classification Committee. Finally, Plaintiff's "Motion Seeking Declaratory Judgment" is **DENIED**. (Doc. no. 18.)

SO ORDERED this ____ day of November, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE