ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RANDALL BINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-019 |
| | ) | |
| JOSE MORALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case is presently before the Court on Plaintiff's motion for entry of default (doc. no. 32), as well as his "Motion for Court Order for Extra Law Library Time at Prison" and "Motion to Compel for Preliminary Injunction."[1] (Doc. nos. 30, 36.) Defendants have filed responses in opposition to Plaintiff's motion for default (doc. no. 33) and to his requests for injunctive relief (doc. no. 35).

I.     **BACKGROUND**

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 in the Northern District of Georgia. (Doc. no. 1.) Plaintiff was granted permission to proceed *in forma pauperis* ("IFP") and ordered to amend his complaint because the 20-page complaint

---

[1] Both of these motions concern Plaintiff's access to the law library at Johnson State Prison, and both motions request preliminary injunctive relief regarding this issue. (See generally doc. nos. 30, 36.) Accordingly, the Court will consider these motions together, taking into account the contentions set forth in both filings in determining whether Plaintiff is entitled to preliminary injunctive relief.

accompanied by 107 pages of exhibits did not comply with the requirements of Fed. R. Civ. P. 8. (Doc. nos. 4, 5.) Plaintiff filed a motion to change venue (doc. no. 7), following which he submitted his first amended complaint (doc. no. 8). Because Plaintiff's first amended complaint challenged the conditions at JSP, Plaintiff's entire case was transferred to the Southern District of Georgia. (Doc. no. 11.)

Following the initial screening pursuant to the IFP statute, the Court concluded that Plaintiff's first amended complaint again fell short of the applicable pleading standards, and ordered Plaintiff to amend his complaint. (Doc. no. 16.) The Court then screened Plaintiff's second amended complaint and allowed Plaintiff to proceed with his Eighth Amendment claims for deliberate indifference to his safety and health, and the Court ordered that service be effected on Defendants Morales, Jones, and Toby.[2] (Doc. no. 20.) Waivers of service were returned executed for each of these Defendants (doc. nos. 26, 27, 28), and Defendants' answers were due 60 days from September 26, 2011, that date on which the request to waive formal service of process was sent. (Id.) On November 29, 2011, Plaintiff filed his motion for entry of default against Defendants for failure to plead or otherwise defend against the claims in his complaint. (Doc. no. 32.) On the same day, Defendants filed their response in opposition to the motion for default (doc. no. 33), as well as their answer to Plaintiff's complaint (doc. no. 34).

Plaintiff also filed a motion for injunctive relief requesting a Court order that he be

---

[2]Because the Court found that Plaintiff has had at least three previous civil actions and appeals dismissed for being frivolous, malicious, or failing to state a claim, he is therefore subject to the "three strikes" rule set forth in 28 U.S.C. § 1915(g). (Doc. no. 21, p. 7.) Thus, Plaintiff was only allowed to proceed IFP on those claims falling under the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. no. 20, p. 7, n.7.)

allowed additional time to use the law library at JSP. (Doc. no. 30.) Defendants have filed a response in opposition to this motion. (Doc. no. 35.) Plaintiff next filed a supplemental motion for injunctive relief in which he reasserts his request for additional time to use the law library at JSP. (Doc. no. 36.)

## II. DISCUSSION

### A. Plaintiff's Motion for Entry of Default

In his motion for entry of default, Plaintiff argues that because Defendants waived formal service of process on September 26, 2011 (doc. nos. 26, 27, 28), Defendants had until November 25, 2011, to file responsive pleadings. (Doc. no. 32, p. 2.) In their response, Defendants request that the motion for default be denied, arguing that counsel for Defendants inadvertently calendared the wrong date for filing their answer. (Doc. no. 33, p. 1.) Moreover, Defendants argue, Plaintiff has not shown that he is prejudiced in this action where they filed their answer two business days following the due date and the delay was not willful. (Id. at 3.)

Federal Rule 55(c) allows for the entry of default to be set aside upon a showing of good cause. The Eleventh Circuit has explained that the "good cause" standard is a liberal one. Hinson v. Webster Indus., 240 F.R.D. 687, 690 (M.D. Ala. 2007) (citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996)). This standard is more lenient than the excusable neglect standard that courts apply in setting aside a default judgment. Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990). Although good cause is not measured by a precise formula, some factors that courts may consider in deciding to

3

set aside an entry of default is whether the default was culpable or willful, whether setting it aside would prejudice the adversary, whether the defaulting party presents a meritorious defense, and whether prompt action was taken to correct the default. Hinson, 240 F.R.D. at 690 (citing Compania, 88 F.3d at 951).

Upon consideration of the instant case, the Court finds that the factors set forth by the Eleventh Circuit and described above militate in favor of this Court setting aside the default, had it been entered. There is nothing in the record to suggest culpable or willful conduct, let alone a pattern of disregard for Court rules, on the part of Defendants. Nor has Plaintiff shown any prejudice by having the case proceed on the merits.[3] Moreover, a brief review of Defendants' answer indicates that Defendants have presented facially meritorious defenses. Lastly, although the Court does not condone the two-day delay in responding to Plaintiff's complaint, it notes that after Plaintiff's motion requesting entry of default was filed, Defendants promptly filed their answer on the same day.

In sum, Plaintiff is not entitled to entry of default against Defendants, and the Court will proceed to address Plaintiff's motions for injunctive relief.

### B. Plaintiff's Motions for Injunctive Relief

In his motions for injunctive relief, Plaintiff asserts that he does not have sufficient access to the law library at JSP. (See doc. nos. 30, 36.) Specifically, Plaintiff alleges that in addition to the instant case, he is litigating another case in federal court, as well as a state

---

[3] Notably, prejudice is not established merely by showing that the litigation will go forward absent default. Thiemann v. Electrical Insulation Suppliers, Inc., 180 F.R.D. 200, 201 (D.P.R. 1998); East Coast Express, Inc. v. Ruby, Inc., 162 F.R.D. 37, 39-40 (E.D. Pa. 1995).

4

habeas corpus action in state court. (Doc. no. 30, pp. 2, 5.) Plaintiff seeks a Court Order requiring JSP to provide him with at least "two hours of law computer time per week." (Doc. no. 36, p. 3; see doc. no. 30, p. 7.) Defendants argue that Plaintiff has failed to show that he will suffer an irreparable injury if the Court denies his request for extra law library time. (Doc. no. 35, p. 3.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1983)).

Here, Plaintiff has not met his burden of persuasion as to any of the four requirements. Plaintiff has offered nothing to suggest a likelihood of success on the merits of his claims, which concern deliberate indifference to his health and safety and have nothing to do with access to legal materials or the courts. (See doc. no. 17.) Additionally, Plaintiff has failed to establish that, if the injunction is not granted, there is a substantial threat that he will suffer irreparable injury. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and

imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury.").

Here, Plaintiff states in conclusory fashion that he will suffer immediate and irreparable injury "from loss of litigation and case law to cite" if he is not granted additional law library time. (Doc. no. 36, p. 4.) However, he has not identified any injury, imminent or otherwise, that he is likely to sustain if he is not granted the degree of access to legal materials and legal assistance that he seeks in the instant motions. Moreover, as Plaintiff acknowledges and Defendants point out, the prison operating procedure permits him additional law library time if he has an upcoming court deadline. (Doc. no. 30, p. 3; doc. no. 35, p. 3.) Yet Plaintiff has neither identified any deadlines he has already missed, nor any upcoming deadlines that he might miss if he is not granted the relief he seeks – at best, he speculates that Defendants will "most likely" be submitting motions to dismiss his case.[4]

As for the final two elements of the preliminary injunction inquiry, Plaintiff has offered nothing to suggest that any threatened injury to the movant outweighs the damage the proposed injunction may cause the opposing party or that the proposed injunction would

---

[4]As Defendants further point out, should Plaintiff require additional time to meet any deadlines in his case, he is free to file a motion for additional time, supported by briefing that explains his need for an extension, at the appropriate time. (Doc. no. 35, p. 3.) Indeed, Defendants indicate that they would have no objections to such a motion so long as the requested extension is reasonable. (Id.)

not be adverse to the public interest. He has therefore failed to satisfy these elements, especially since federal courts should refrain from unwarranted interference in the day-to-day operations of state prisons. See Prieser v. Rodriguez, 411 U.S. 475, 491-92 (1973). In sum, Plaintiff has not satisfied the requisite elements for a preliminary injunction.[5]

For these reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for entry of default, as well as his motions for injunctive relief be **DENIED**. (Doc. nos. 30, 32, 36.) Should the presiding District Judge adopt these recommendations, the Clerk of Court should be **DIRECTED** to file a Scheduling Notice setting the deadlines in this case.

SO REPORTED and RECOMMENDED this 13th day of December, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] In his second motion requesting injunctive relief (doc. no. 36, p. 4), Plaintiff reiterates his request for court-appointed counsel, for which he has filed a separate motion. (Doc. no. 24-1.) The request for counsel is addressed in a simultaneously issued Order.

7