IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RANDALL BINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-019 |
| | ) | |
| JOSE MORALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Valdosta State Prison ("VSP") in Valdosta, Georgia, commenced the above-styled civil action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is presently before the Court on Plaintiff's "Motion for Preliminary Injunction" (doc. no. 62-2) and motion requesting an order that prison officials at VSP provide him with a table and chair in his cell (doc. no. 64). Defendants have filed responses in opposition to Plaintiff's requests for injunctive relief. (Doc. nos. 63, 65.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions be **DENIED**.

I. **BACKGROUND**

The procedural history of this case is recounted in detail in document number 37.

---

[1] Although Plaintiff is currently incarcerated at VSP, the allegations in his second amended complaint concern events alleged to have occurred at Johnson State Prison ("JSP") in Wrightsville, Georgia. (Doc. no. 17.)

Notably, Plaintiff has previously made several requests for injunctive relief (see doc. nos. 30, 36), as well as a litany of other motions, throughout this case.

Because he is proceeding IFP, the Court reviewed Plaintiff's second amended complaint in conformity with the IFP statute. As part of its screening, the Court issued a Report and Recommendation ("R&R") in which it found that because Plaintiff has had at least three previous civil actions and appeals dismissed for being frivolous, malicious, or for failing to state a claim, he is therefore subject to the "three strikes" rule set forth in 28 U.S.C. § 1915(g). (Doc. no. 21, p. 7.) Accordingly, the Court found that Plaintiff can only proceed IFP on his claims that fall under the "imminent danger of serious physical injury" exception to § 1915(g). (Id.) Because Plaintiff failed to show that he was in imminent danger at the time he filed his complaint with regard to the majority of his claims, the Court recommended that those claims be dismissed without prejudice.[2] (Id. at 8-10, *adopted as opinion of District Court*, doc. no. 29.)

The only claims remaining in this suit are Plaintiff's Eighth Amendment claims against Defendants Morales, Jones, and Toby for deliberate indifference to his safety and health, which the Court allowed Plaintiff to proceed with in an order filed simultaneously with the R&R. (Doc. no. 20.) Defendants filed their answer to the second amended complaint (doc. no. 34), and discovery is well underway. According the Scheduling Notice issued in this case, discovery is set to close on May 30, 2012. (Doc. no. 47.)

In Plaintiff's "Motion for Preliminary Injunction," he requests an injunction

---

[2]Similarly, in the Court's most recent Order, it found that because Plaintiff is subject to the three strikes provision, he would not be permitted to amend his complaint to add claims that did not fall within the "imminent danger" exception to § 1915(g). (Doc. no. 60, pp. 3-4.)

2

preventing prison officials at JSP and VSP, as well as the Commissioner of the Georgia Department of Corrections ("GDOC"), from violating his rights. (Doc. no. 62, p. 5.) In his next motion for injunctive relief, Plaintiff seeks an Order that prison official at VSP provide him with a table and chair in his cell so that he can conduct law work there. (Doc. no. 64.)

## II. DISCUSSION

### A. "Motion for Preliminary Injunction"

The Court first turns its attention to Plaintiff's "Motion for Preliminary Injunction," which was submitted as part of a filing in which he separately moved to amend his second amended complaint to assert claims of retaliation against Defendants Morales and Jones. (Doc. no. 62.) In support of his request to amend, Plaintiff asserts that Defendants Morales and Jones have placed him in imminent danger by transferring him from JSP to VSP, where conditions are "harsher" and he feels threatened by close security inmates. (See id. at 2-4.) In a simultaneously issued Order, the Court has denied Plaintiff's motion to amend because it is untimely and because he has failed to raise more than conclusory allegations that he has been placed in imminent danger at the time he filed his second amended complaint.[3] See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

In his request for injunctive relief, Plaintiff seeks a preliminary injunction to prevent Brian Owens, the Commissioner of the Georgia Department of Corrections, William Danforth, the Warden of VSP, Defendant Morales, the Warden at JSP, and Defendant Jones,

---

[3]In addition, Plaintiff also requested in this filing that he be appointed counsel to represent him. (Doc. no. 62, p. 6.) As Plaintiff failed to show that he has been prevented from presenting the "essential merits" of his position, Smith v. Belle, 321 F. App'x 838, 846 (11th Cir. 2009) (*per curiam*) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)), the Court has denied Plaintiff's request for counsel in its simultaneously issued Order.

3

the Deputy Warden at JSP, "from any further threats or from any harm to Plaintiff while this civil action is pending." (Doc. no. 62, p. 5.) Although Plaintiff alleges that he suffered retaliation at the hands of Defendants Morales and Jones, as noted above, he provides no explanation for how Brian Owens or William Danforth have taken any actions against him or how they have threatened him in any way. Instead, he asserts generally that "[p]rison officials have made it very clear to Plaintiff to stop his beliefs in the U.S. Constitution and his civil rights beliefs," and that there has been a recent murder in his cell, although Plaintiff provides no elaboration about this allegation and it is unclear whether the alleged murder occurred prior to or following Plaintiff's transfer to VSP. (See id.)

As an initial matter, as Defendants correctly argue (doc. no. 63, p. 3), an inmate's claim for injunctive relief against prison officials is ordinarily subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Here, as noted above, Plaintiff has been transferred from JSP to VSP, meaning he is no longer under control of the officials at his former facility or subject to the conditions of that facility. Furthermore, there is no indication that he will return to JSP. Therefore, Plaintiff's requests for preliminary injunctive relief against Defendants Morales and Jones -- both of whom are JSP officials – are moot and should be denied as such.

Furthermore, even if a request for injunctive relief is not moot, a party moving for

injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Here, Plaintiff has not met his burden of persuasion as to any of the four requirements. Plaintiff has offered nothing to suggest a likelihood of success on the merits of his claims, which concern allegations that JSP officials have shown deliberate indifference to his health and safety, and which have nothing to do with his latest allegations. (See doc. no. 17.) Indeed, neither Commissioner Owens nor Warden Danforth are Defendants in the above-captioned case, nor do the claims with which Plaintiff has been allowed to proceed relate in any way to his treatment at VSP.

Furthermore, Plaintiff's request that Commissioner Owens and Warden Danforth be prevented "from any further threats or from any harm to Plaintiff while this civil action is pending" is, in effect, a request for a broad instruction to these individuals to obey the law. (Doc. no. 62, p. 5.) However, Fed. R. Civ. P. 65(d) requires requests for injunctions to be *specific* – an injunction which merely orders the defendants to obey the law is too broad and

5

too vague to be enforceable. See Brown v. Alabama Dep't of Transp., 597 F.3d 1160, 1185 (11th Cir. 2010); Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). As Plaintiff's requested injunction does not conform to the specificity requirement of Rule 65(d), it is unenforceable and must fail.

### B. Plaintiff's Motion Regarding Table and Chair

In Plaintiff's next motion, he seeks an Order from the Court that VSP officials provide him with a table and chair in his cell so that he can comfortably conduct law work there. (Doc. no. 64.) Plaintiff explains that, while in his cell, he is forced to conduct his legal work on the floor or while standing. (Id. at 2.) Additionally, Plaintiff indicates that this motion is a "Response to Defendants['] Request for Admissions and Interrogatories," and he threatens that he "will not respond any further to the district court or the assisted (sic) Attorney General" until he is provided with a table and chair in his cell. (Id. at 1-2.) Defendants oppose this request and assert that denial of a table and chair fails to state a claim under § 1983. (See doc. no. 65.)

Plaintiff has similarly not met his burden of persuasion to obtain an injunction providing him with the furnishings he desires. See McDonald's Corp., 147 F.3d at 1306. Specifically, Plaintiff has failed to demonstrate a likelihood of success on the merits, as his demand for a chair and table in his cell at VSP has nothing to do with his claims that prison officials at JSP were deliberately indifferent to his safety and health. (See doc. no. 17.) Furthermore, the Court notes that Plaintiff's lack of furnishings has not impeded his ability to file motions in this case, and thus he has failed to show that there is a substantial threat that he will suffer irreparable injury if the injunction is not granted. See Northeastern Fla.

Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (holding that a plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent.").

Moreover, prison officials at VSP in Valdosta, Georgia, are not under this Court's jurisdiction; they fall under the jurisdiction of the Middle District of Georgia. Indeed, no official from VSP has ever been served or made an appearance in this case. Accordingly, this Court does not have authority to direct VSP officials to take any action, and therefore, Plaintiff's request that the Court do so should be denied.[4] See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 919 (11th Cir. 2003) (affirming dismissal of case for lack of jurisdiction because party against whom relief was sought had not been properly served), *reh'g and reh'g en banc denied*, 99 F. App'x 884, 884 (Table) (11th Cir. 2004). If Plaintiff wants to pursue federal litigation against any VSP officials, he must file a separate lawsuit in the Middle District of Georgia. Accordingly, Plaintiff is not entitled to the injunctive relief he seeks.[5]

---

[4]Similarly, even if Plaintiff's broad request that Warden Danforth not violate his rights were enforceable – which it is not – this request would likewise fail for lack of jurisdiction. (See doc. no. 62, p. 5.)

[5]The Court acknowledges Plaintiff's assertion that he will no longer respond to the Court or to counsel for Defendants in the event his request for a table and chair is denied. (Doc. no. 64, p. 2.) The Court cautions Plaintiff, however, that if he fails to respond to discovery requests or Orders of this Court, he does so at his peril. As the Court explained to Plaintiff when it screened his second amended complaint, it is his duty to cooperate fully in any discovery that Defendants initiate. (Doc. no. 20, p. 8.) Failure to fully cooperate in discovery may subject Plaintiff to severe sanctions under Fed. R. Civ. P. 37, including dismissal of this case. Furthermore, the Court has authority to dismiss this case for failure to prosecute or failure to comply with the Court's Orders. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's "Motion for Preliminary Injunction" and motion regarding his demand for a chair and table in his cell be **DENIED**. (Doc. nos. 62-2, 64.)

SO REPORTED and RECOMMENDED this 31st day of May, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE